UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAMMERS,

                Plaintiff,

v.

CITY OF RIVERVIEW, et al

                Defendants.

Case No. 24-12840
Honorable Shalina D. Kumar
Magistrate Judge David R. Grand

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT I AND III OF PLAINTIFF'S COMPLAINT (ECF NO. 8)**

## I.    Introduction

Plaintiff Ronald Lammers ("Lammers") brought this action against his former employer, defendant City of Riverview (the "City"), and the city manager, defendant Jeffrey Dobek ("Dobek"), under 42 U.S.C. § 1983, alleging breach of implied contract and violations of his First and Fourteenth Amendment rights arising from his termination. ECF No. 1. Dobek and the City move to dismiss Lammers' due process and breach of implied contract claims. ECF Nos. 8. The motion is fully briefed, ECF Nos. 8, 11, 12, and the Court has determined that oral argument is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court denies defendants' motion to dismiss.

## II. Procedural and Factual Background

Lammers began working for the City in 2007. ECF No. 1, PageID.2, ¶ 6. In 2018, he was appointed the City's fire chief by the mayor and city council. *Id*. ¶ 7. Dobek was appointed the city manager in 2022. *Id*. ¶ 8. In January 2024, the fire department's supervisor group organized a union of which the deputy fire chief was a member. *Id*. ¶¶ 10, 11. Two months later, Dobek informed Lammers that he intended to eliminate the deputy fire chief position due to budgetary constraints. *Id*. ¶ 12. Lammers disagreed with this decision and told Dobek, human resources, and city council members that this decision was not cost-effective and contrary to public safety. *Id*. ¶ 16. Thereafter, Dobek advised Lammers in writing to bring any concerns directly to him and to cease voicing his disagreement regarding the decision to terminate the deputy fire chief position to others. *Id.* ¶ 17. Dobek verbally eliminated Lammers' employment with the City in July 2024, without providing him notice or a hearing beforehand. *Id.* ¶ 21.

Lammers' complaint alleges that his termination was unlawful for several reasons. He first claims that defendants violated his procedural due process rights by terminating his employment without notice or a hearing. Lammers asserts that he had a protected property interest in his employment and could only be fired for just cause under the City's municipal

code ("Code") and its adoption of the International Fire Code ("IFC"). *Id*. at PageID.5-6. Lammers' breach of contract claims rest on similar allegations. *Id.* at PageID.11-12. Finally, he alleges that his right to free speech under the First Amendment was violated because his employment was terminated in retaliation for voicing his disagreement with Dobek's decision to eliminate the deputy fire chief position. *Id.* at PageID.9-11.

Defendants' motion seeks dismissal of Lammers' due process (Count I) and breach of implied contract (Count III) claims. They argue that Lammers was not entitled to due process prior to his termination because he was considered an at-will employee under the Code. ECF No. 8, PageID.42.

### III.     Standard of Review

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Golf Village N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021) (internal marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must review Rule 12(b)(6) motions in the light most favorable to plaintiff, accept all of plaintiff's factual allegations as true, and

draw all reasonable references in plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 479 (6th Cir. 2017).

To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "does not need detailed factual allegations" but must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (internal citations and quotation marks omitted). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court "consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Weiner v. Klais & Co. Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting

documents that a defendant attaches to a motion to dismiss are also considered part of the pleadings if referred to in the complaint and central to the claim).

IV. Analysis

Count I of Lammers' complaint alleges deprivations of his right to due process as guaranteed by the Fourteenth Amendment. ECF No. 1, PageID.5-9. Lammers argues that he had a protected property interest as a public employee and was deprived procedural due process when his employment was terminated without notice or a hearing. The Due Process Clause of the Fourteenth Amendment guarantees that "[n]o State ... shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process claims are analyzed under a two-part test. "First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment. Only after identifying such a right [does a court] continue to consider whether the deprivation of that interest contravened notions of due process." *Thomas v. Cohen,* 304 F.3d 563, 576 (6th Cir. 2002) (citations omitted).

Whether Lammers had a protected property interest in his fire chief position depends on state law. *Bailey v. Floyd Cty. Bd. of Educ.*, 106 F.3d

135, 141 (6th Cir. 1997). To establish a property interest, he must "point to some statutory or contractual right conferred by the state which supports a legitimate claim to continued employment." *Id.* A showing that a public employee may be fired only for cause is sufficient to satisfy the first step of the analysis. *Farhat v. Jopke,* 370 F.3d 580, 595 (6th Cir. 2004).

Under Michigan law, "[e]mployment contracts for an indefinite duration are presumptively terminable at the will of either party for any reason or for no reason at all." *Rood v. Gen. Dynamics Corp.,* 507 N.W.2d 591, 597 (1993) (citing *Lynas v. Maxwell Farms,* 273 N.W. 315, 316 (1937)). An employee can overcome the presumption of at-will employment with "sufficient proof either of a contractual provision for a definite term of employment or a provision forbidding discharge absent just cause." *Id.* (citing *Rowe v. Montgomery Ward & Co.,* 473 N.W.2d 268, 271 (1991)). Michigan "[c]ourts have recognized the following three ways by which a plaintiff can prove such contractual terms: (1) proof of a contractual provision for a definite term of employment or a provision forbidding discharge absent just cause; (2) an express agreement, either written or oral, regarding job security that is clear and unequivocal; or (3) a contractual provision, implied at law, where an employer's policies and procedures instill a legitimate expectation of job security in the employee."

*Lytle v. Malady,* 579 N.W.2d 906 (1998) (citations and quotations omitted). The legitimate-expectations theory "is grounded solely on public policy considerations" and "was founded on the [Michigan Supreme] Court's common-law authority to recognize enforceable obligations that arise outside the operation of normal contract principles." *Rood*, 507 N.W.2d at 598 (internal quotation marks and citations omitted). Such a claim, if successful, creates a contractual provision implied in law. *Lytle*, 579 N.W.2d at 911.

Here, Lammers does not allege that he had a written employment contract with the City. Rather, he claims that the City's adoption of the IFC created a legitimate expectation of just-cause employment. Under Michigan law, courts must undertake a two-step inquiry to evaluate legitimate-expectation claims. *Id.* at 911. First, the court must decide "*what,* if anything, the employer has promised." *Rood*, 507 N.W.2d at 606. If the court concludes that a promise has been made, "the second step is to determine whether the promise is reasonably capable of instilling a legitimate expectation of just-cause employment in the employer's employees." *Id.* at 607.

Lammers' relies on the Code and its adoption of the IFC to support his position that he was promised just-cause employment. ECF No. 1,

PageID.5-6. Section 4.5 of the Code establishes that Lammers was an at-will employee, providing that the fire chief: (1) is an administrative officer of the city; (2) "shall be appointed by the city manager for an indefinite period, subject to confirmation by the council"; and (3) "may be discharged by the city manager at his pleasure." Riverview, Michigan, Municipal Code, ch. IV, § 4.5(b). However, the City revised its Code in 2022 and adopted by reference the 2015 edition of the IFC. ECF No.1, PageID.19-21. Section 30-31 of the Code states:

> The International Fire Code, 2015 edition, (ICC IFC-2015) regulating and governing the safeguarding of life and property from fire and explosion hazards arising from the storage, handling and use of hazardous substances, materials and devices, and from conditions hazardous to life or property in the occupancy of buildings and premises in the city is adopted by reference. Subsequent editions of the International Fire Code shall be enforceable upon adoption of a resolution of the city council acknowledging and approving that edition as the official fire code of the city.

City of Riverview Ord. No. 731 § 30-31. Lammers claims that Section 103.2 of the IFC designated him as a just-cause employee. That Section reads:

> The *fire code official* shall be appointed by the chief appointing authority of the jurisdiction; and the *fire code official* shall not be removed from office except for cause and after full opportunity to be heard on specific and relevant charges by and before the appointing authority.

ECF No.1, PageID.6, ¶ 34 (emphasis added) (citing IFC § 103.2 (2015 ed.)). The IFC defines "fire code official" as "[t]he fire chief or other

designated authority charged with the administration and enforcement of the code, or a duly authorized representative." See IFC § 202. The Court can reasonably infer that Lammers' position as the fire chief made him the City's "fire code official" under the IFC because he was appointed by the chief appointing authority of the jurisdiction—the City Council. *Id.* at ¶¶ 7, 35, 36. The fact that this section of the IFC includes the mandatory provision "shall not" indicates that the City promised not to terminate Lammers absent just cause. As such, Lammers contends that it was reasonable for him to have a legitimate expectation of just-cause employment with the City, and to have an opportunity to be heard by the city council prior to his termination. *Id.* at ¶ 37; ECF No. 11, PageID.94-96.

To the contrary, defendants argue that Lammers was not entitled to due process because he was an at-will employee under Section 4.5 of the City's Code. ECF No. 8, PageID.42. They contend that the IFC's just-cause provision does not apply to Lammers because the Code did not adopt the IFC in its entirety, nor does it expressly reference or include Section 103.2 of the IFC. *Id.* at PageID.44. Defendants also claim "that the City's adoption of the IFC was for the purpose of 'regulating and governing the safeguarding of life and property from fire and explosion hazards,' not for

the purpose of setting employment terms for the City's Fire Chief." ECF No. 12, PageID.114 (citing § 30-31 of the Code).

Several points cut against defendants' argument that the Code only partially adopted the IFC. First, the Code clearly states that "[t]he International Fire Code, 2015 edition, (ICC IFC-2015) . . . is adopted by reference," and identifies no exceptions or exclusions. *See* § 30-31. Next, and most notably, in Section 30-32 titled "Modifications of the fire code," the City modified seven sections of the IFC to its liking—none of which excluded or changed Section 103.2. *See* City of Riverview Ord. No. 731 § 30-32(a)-(g). That the City purposefully modified other provisions of the IFC upon its adoption further refutes defendants' contention that it did not adopt Section 103.2 as written. Indeed, if the City did not intend to adopt the IFC in its entirety, it would have excluded Section 103.2 like it had done in other unrelated portions of the Code that it adopted by reference. For example, in Section 66-324 of the Code, the City adopted select provisions of the Code of Federal Regulations ("CFR"), including "49 CFR 100—180," and "49 CFR 382, 387, 390—393, 395—397 and 399." *See* City of Riverview Ord. No. 534, § 66-423(1)-(2). Likewise, Section 70-197 titled "Wayne County Sewer Use Ordinance—Portions adopted by reference," the City adopted select "articles and sections of the Wayne County Sewer Ordinance No.

2000-404 . . ." City of Riverview Ord. No. 532, § 70-197. Thus, the Court can reasonably infer that when the Code adopted the IFC by reference, it adopted Section 103.2 because the Code neither modified it under Section 30-32 nor excluded it altogether.

Furthermore, it is plausible that the City's later adoption of the IFC may have superseded Section 4.5's at-will policy as Lammers contends. Indeed, "[t]he rules of statutory construction . . . provide that a more recently enacted law has precedence over the older statute. This rule is particularly persuasive when one statute is both the more specific and the more recent." *In re Implementing Sec. 6w of 2016 PA 341 for Cloverland Electric Coop.*, 942 N.W.2d 38, 48 (Mich. Ct. App. 2019) (citation omitted). Here, Lammers alleges that because the City adopted the IFC in 2022—almost two decades after the at-will employment policy was enacted—the just-cause provision in the IFC supersedes the at-will employment policy. ECF No. 11, PageID.98. And since Lammers became the City's fire chief in 2018 and held that position when it adopted the IFC in 2022, it can be reasonably inferred that he was familiar with the IFC and its just-cause provision because his position required him to "adhere to the provisions of the 2015 International Fire Code (IFC) as identified in the city ordinances." ECF No.11, PageID.94. As such, when drawing all reasonable inferences

in Lammers' favor, it would be reasonable for Lammers to believe that he was subject to the IFC's just cause provision due to its greater specificity and more recent enactment.

Defendants next argue that Lammers did not have a legitimate expectation of just-cause employment because the IFC provision does not clearly and unambiguously apply to Lammers in light of the conflicting language in Section 4.5 of the Code. ECF No. 8, PageID.47-51; ECF No. 12, PageID.116-118. Defendants primarily rely on *Manning v. City of Hazel Park* to support their position. 509 N.W.2d 874 (Mich. Ct. App. 1993). However, the Court finds the provisions at issue in *Manning* different from those in the present case.

In *Manning,* the city charter clearly listed the plaintiff's city manager position as that of an at-will employee, whereas the city code provided that "[t]he appointing authority may dismiss any employee for inefficiency, insubordination, lack of cooperation, habitual tardiness, or other just cause…." *Id*. at 878. Upon defendants' motion for summary disposition, the *Manning* court found that the conflict between the city charter and city code provisions did not create a legitimate expectation that plaintiff could only be terminated for just cause because "the combined statements [were not] reasonably capable of being interpreted as promises to discharge only for

just cause." *Id.* (citing *Rood,* 507 N.W.2d at 602). "The city charter clearly and unambiguously applies to the city manager and provides that the city manager holds office at the pleasure of the city council" but "the city code does not clearly and unambiguously apply to plaintiff" but to "any employee" generally. *Id*. Here, Section 103.2 of the IFC narrowly applies to the "fire code official"—a position that Lammers has sufficiently alleged belonged to him. Thus, the facts alleged—namely that Lammers was the City's fire code official and that the Code's adoption of the IFC's just-cause provision superseded the at-will policy—allow the Court to infer that "the combined statements [Section 4.5 of the Code and Section 103.2 of the IFC] are reasonably capable of being interpreted as promises to discharge only for just cause." *Manning*, 509 N.W.2d at 878 (citing *Rood,* 507 N.W.2d at 602).

   Therefore, when viewing the facts in a light most favorable to Lammers, the Court concludes that he has alleged sufficient facts to support his claim to a legitimate expectation of just-cause employment, and thus a protected property interest in the fire chief position. Because defendants did not afford him an opportunity to be heard before terminating him from that position, Lammers' procedural due process claim survives defendants' motion to dismiss. Similarly, Lammers' claim for breach of

contract, also based on a legitimate expectation of a continued employment relationship, survives as well.

## V. Conclusion

For the above reasons, the Court **DENIES** defendants' motion to dismiss Counts I and III of Lammers' complaint (ECF No.8).

Dated: September 19, 2025

<u>s/ Shalina D. Kumar</u>
SHALINA D. KUMAR
United States District Judge